TATE, Justice.
The defendant was convicted of second degree murder, La.R.S. 14:30.1 (1973), and sentenced to life imprisonment. Upon his appeal, he designates fifteen assignments of error.
The homicide occurred when the accused stabbed the victim with a pen-knife. Both men worked for the parkway commission. Shortly after the lunch-break, a quarrel arose between them as to which should use the power saw. Both men had been drinking alcoholic beverages purchased at lunchtime.
We find no reversible merit to the assignments of error:
Assignment 1: The trial occurred in May, 1975. The petit jury was chosen in open court from prospective jurors, who were called for voir dire in an order determined by lot; however, the drawing by lot itself was not accomplished in open court, as is now required by State v. Hoffman, 345 So.2d 1 (La.1977). Nevertheless, that ruling was specifically made so as to affect, prospectively only, jury panels selected after its date of finality in May, 1977. The present 1975 jury selection having occurred prior to the effective date of the ruling, no reversible error is presented by this assignment.
Assignment 2: The trial court did not err in refusing, over state objection, to require a medical witness (a pathologist) to answer questions pertaining to a medical field (psychiatry) outside the witness’s area of expertise and speciality, which the witness himself had previously twice stated he was not competent to answer.
Assignments 4 and 8: The trial court did not err in overruling defense objections to questions eliciting relevant and admissible testimony.
Assignments 5 and 9: The defense objected to testimony of a non-violent slight disagreement between the accused and a third person. This had occurred on the morning of the day of the homicide. While we are inclined to agree with the defendant that this testimony was irrelevant and should have been excluded, we are not persuaded that the erroneous admission of this evidence caused appreciable prejudice so as to contribute to the accused’s conviction. See La.C.Cr.P. art. 921.
Assignments 6 and 7: We find no abuse of discretion in the trial court’s refusal to declare a mistrial upon the discovery that state witnesses, in violation of an alleged sequestration order, had asked previous witnesses what questions were asked. The record does not reflect that the witnesses had been instructed not to discuss the case, and the trial court’s interrogation of them outside the presence of the jury furnished a reasonable basis for its conclusion that their testimony was not affected by the discussion.
Assignments 11 and 12: We are unable to say that the trial court erred in holding the prosecutor’s rebuttal to be responsive to and not beyond the scope of the defendant’s closing argument, although the issue is close. In any event, under the prevailing jurisprudence, no reversible error resulted from the particular prosecutorial excess (if any) shown.
Assignment 12 (another issue): The defendant sought a new trial based upon *548 the alleged overreaching by the prosecutor’s rebuttal argument. We find no abuse of discretion by the trial court in denying this motion as well as a defense subpoena of records (which allegedly would show that a defense exhibit referred to by the prosecutor was not entirely accurate) sought in connection therewith.
Assignment 15: We find no error in the trial court’s denial of three special charges requested by the defendant, as either covered by its general charge or else as not wholly correct and pertinent. See La.C. Cr.P. art. 807.
Assignments 3, 13, and 14, which do not in substance possess merit, were not briefed or argued and are, accordingly, deemed abandoned.

Decree

Finding no reversible error, we affirm the conviction and sentence.
AFFIRMED.